UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC HARDING,

                Plaintiff,                9:02-CV-1292

    v.                                        (NAM/GHL)

T. HOWARD, Correctional Officer; J. DUFRANCE,
Correctional Officer; A. DONOVAN, Correctional Officer;
G. VAILLANDURT, Correctional Officer; SGT. CHAPMAN,
Correctional Officer; CAPTAIN RECETTE; and DONALD
SELSKY, Director of Special Housing and Inmate Disciplinary
Program,

                Defendants.

---

APPEARANCES:                            OF COUNSEL:

ERIC HARDING
Plaintiff, *Pro Se*
20 Clifton Place
Brooklyn, New York 11238

HON. ELIOT L. SPITZER                KELLY L. MUNKWITZ, ESQ.
Attorney General for State of New York    KRISTA A. ROCK, ESQ.
Attorney for Defendants                  Assistant Attorneys General
The Capitol
Albany, New York 12224

GEORGE H. LOWE, UNITES STATES MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

      Currently before the Court is defendants' second motion for sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Dkt. No. 32. By their motion defendants seek dismissal of this action, as well as monetary sanctions, in light of plaintiff's failure to appear at his re-scheduled deposition. Plaintiff has not responded to defendants' motion.

      As noted, this is defendants' second motion for sanctions relating to plaintiff's failure to appear at a duly noticed deposition in this action. Defendants' first motion followed plaintiff's

failure to appear for his duly-noticed deposition on March 23, 2004. Dkt. No. 29, Aff. at ¶¶ 7-11. Counsel for defendants appeared at the designated time and place with a stenographer retained to transcribe the deposition. *Id.* at ¶¶ 9-11. According to counsel, plaintiff did not appear for the deposition, nor did he at any time prior to or on the scheduled date thereof contact defendants' counsel regarding his deposition. *Id.* at ¶ 10. Plaintiff did not respond to defendants' first motion for sanctions.

By Order filed July 22, 2004, the Court granted defendants' first motion for sanctions and ordered plaintiff to pay the stenographic costs associated with the March 23, 2004 deposition. Dkt. No. 31 ("July Order").[1] Plaintiff was directed to appear at any re-noticed deposition and was specifically advised that his "**failure to comply with this Order shall be grounds for the dismissal of his complaint**." *Id*. at 3-4.[2]

Defendants re-noticed plaintiff's deposition for September 17, 2004, at the 3rd floor of the Justice Building in Albany, New York. *Id.* at ¶ 13. Defendants made arrangements for a court reporter to attend the deposition. *Id.* According to defendants' counsel, on the morning of the re-scheduled deposition, defendants' counsel arrived at work to find two telephone messages from plaintiff.[3] *Id*. at ¶¶ 15-16. In each message, plaintiff indicated that he was having problems with transportation and asked defendants' counsel to call him. *Id.* According to defendants' counsel, "plaintiff failed to leave a telephone number" at which he could be reached. *Id.* Defendants'

---

[1] The Court awarded $75.00 in costs.

[2] Defendants were directed to provide plaintiff with at least twenty (20) days notice of the deposition. *Id*.

[3] The telephone calls were time-stamped at 6:39 a.m. and 6:41 a.m. *Id*. at ¶¶ 15-16.

2

counsel states that "[n]ot knowing whether plaintiff intended to arrive late for his deposition, [counsel] waited with the court reporter until 11:00 A.M. Plaintiff did not appear." *Id*. at ¶¶ 17. Counsel further states that even though her "office is open from 8:30 A.M. to 5:00 P.M. Plaintiff did not telephone [defendants' counsel] during office hours." *Id*. Defendants were billed $75.00 for the court reporter's appearance at the re-scheduled deposition. *Id*. at ¶ 24, *see also id.* at Ex. C. To date, plaintiff has failed to pay defendants the $75.00 in monetary sanctions as directed by the July Order. Dkt. No. 32, Aff. at ¶ 12.

On September 22, 2004, defendants' counsel received a voice mail message from plaintiff's parole officer requesting information regarding plaintiff's request for permission to travel to Albany. *Id*. at ¶ 19. Defendants' counsel states that

> [u]pon information and belief, plaintiff told parole officer Collins that he needed to be in Albany on September 24, 2004. Because the deposition notice directed plaintiff to appear on September 17, 2004, parole officer Collins called [defendants' counsel] for clarification. Counsel spoke to Senior Parole Officer Preston and advised him that there was no need for plaintiff to be in Albany on September 24th. [Counsel] further inquired as to whether plaintiff sought permission to travel to Albany for September 17, 2004. Parole Officer Preston advised [counsel that plaintiff] did not.

*Id*. at ¶¶ 19-20. On September 23, 2004, defendants' counsel received a voice mail message from plaintiff. Counsel returned the call. "Plaintiff told [counsel] that he needed to be in Albany for the end of discovery. [Counsel] explained to him that he was supposed to be in Albany on September 17, 2004. Initially, plaintiff started to deny that his deposition was scheduled for September 17, 2004. However, when I advised plaintiff that I retained his voice-mail messages, he instead argued that he was also required to be in Albany on September 24th." *Id*. at ¶ 22. Counsel then explained that September 24th was the discovery cut-off date and did not require plaintiff to appear. Counsel

3

also advised plaintiff that a motion for sanctions would be made to the Court as a result of plaintiff's failure to comply with the July Order for not appearing at the re-scheduled deposition or paying the monetary sanctions. *Id.* at ¶ 23.

This motion for sanctions followed. Dkt. No. 32. Plaintiff has not responded to defendants' present motion.

## DISCUSSION

Rule 37(d) of the Federal Rules of Civil Procedure provides for the imposition of sanctions, including dismissal, on a party who fails to appear for a properly noticed deposition. Fed. R. Civ. P. 37(d). As noted above, defendants seek dismissal of this action and an award of the $75.00 cost of the stenographer who attended the re-scheduled deposition. Dkt. No. 32, Aff. at ¶ 25.

District courts have broad discretion to enforce discovery obligations and may, in limited circumstances, "use the extreme sanction of a default judgment." *United States v. Aldeco*, 917 F.2d 689, 690 (2d Cir. 1990); *DeMajo v. Tablante*, 2000 U.S. Dist. LEXIS 12148 at *2 (S.D.N.Y. August 24, 2000). A single pretrial violation will not ordinarily result in the imposition of a sanction of such finality as dismissal, especially where the party against which sanctions are sought is proceeding *pro se*. *See Aldeco, supra*, 917 F.2d at 690. In *pro se* cases, "[d]ismissal is appropriate only if alternative, less drastic sanctions are inappropriate . . . and the court has warned the *pro se* litigant that this sanction might result from continued misconduct." *Mercado v. Division of New York State Police*, 989 F. Supp. 521, 524 (S.D.N.Y. 1998).

Defendants contend that dismissal is the appropriate remedy for plaintiff's second failure to appear for his deposition. Defendants also point to plaintiff's failure to heed the Court's warning regarding the ramifications of a failure to appear at a re-noticed deposition as grounds for dismissal.

4

Plaintiff's failure to appear for his duly noticed deposition on two separate occasions, coupled with his failure to adequately explain to the Court or defendants' counsel his non-compliance with the July Order, evidences his wilful disregard for the processes of the Court and warrants a serious sanction.[4]  Plaintiff's misconduct is particularly significant in light of this Court's specific warning that his failure to comply with the July Order would constitute grounds for the dismissal.

The Court has also considered whether a less drastic remedy such as monetary sanctions or an order of preclusion would suffice to deter plaintiff from further frustrating the progress of this litigation.  *See Dodson v. Runyon*, 86 F.3d 37 (2d Cir. 1996).  The Court finds that further monetary sanctions are not appropriate.  Plaintiff was granted leave to proceed with this action *in forma pauperis* and appears to be a person of limited financial means.  Moreover, plaintiff has yet to pay the $75.00 awarded to defendants by the July Order.  Accordingly, further monetary sanctions are not appropriate in this action.

The Court also finds that an order of preclusion, preventing plaintiff from offering evidence about issues as to which he has failed to testify at deposition, is not appropriate.  In cases such as this where the plaintiff has refused to provide requested discovery, the information sought tends to be necessary principally in defense of the action.  An order of preclusion thus works only to the advantage of the plaintiff.  *See Bartolini v. Stancari*, No. 97-Civ.-7941, 2001 U.S. Dist. LEXIS 927 at *19 (S.D.N.Y. Feb. 2, 2001) (Fox, M.J.); *Johnson v. Doe*, 2001 U.S. Dist. LEXIS 8204 at *11-12 (S.D.N.Y. June 21, 2001).

---

[4] Plaintiff did not appear for the re-scheduled deposition, nor did he pay defendants their costs related to his first deposition.

In light of the foregoing, the Court recommends that this action be dismissed with prejudice due to plaintiff's repeated failure to appear for his deposition and to comply with the prior Orders of this Court regarding discovery.[5] The Court further recommends that defendants' request for an additional award of monetary sanctions be denied.

**ACCORDINGLY**, it is

**RECOMMENDED** that defendants' motion for sanctions (Dkt. No. 32) be granted and this action be **dismissed with prejudice**. The Court further recommends that plaintiff not be required to pay defendants' expenses occasioned by his failure to appear for his deposition on September 17, 2004; and it is further

**ORDERED** that the Clerk serve a copy of this Report and Recommendation on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (*citing Small v. Secretary of Health and Human Services*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: April 4, 2005
Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[5] Apart from the merits of defendants' motion, the Court's conclusion is supported by Local Rule 7.1(b)(3), which provides that "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown." N.D.N.Y. L.R. 7.1(b).